UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SONIA PAPPILLION,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:21-cv-00500<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Sonia Pappillion ("Plaintiff"), by and through the undersigned attorneys, complaining of the Defendant, Midland Credit Management, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Texas, Defendant conducts business in the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Southern District of Texas.

1

5. Defendant is a debt collection agency with its principal place of business located at 350 Camino de la Reina, Suite 300, San Diego, California 92108. Defendant engages in collection activities in the state of Texas.

6. Defendant is a collection agency with the primary business purpose of collecting or attempting to collect defaulted consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Texas.

## FACTS SUPPORTING CAUSE OF ACTION

7. Prior to the conduct giving rise to this cause of action, Plaintiff obtained a personal store credit card from DressBarn and serviced by Capital One ("subject debt").

8. Due to financial hardship caused by the global pandemic, Plaintiff was unable to keep up with payments, and thus defaulted on the subject debt in 2020.

9. Subsequently thereafter, Defendant acquired the rights to collect upon the defaulted subject debt.

10. In September 2020, Defendant began placing frequent collection calls to Plaintiff's cellular phone number, attempting to collect upon the subject debt.

11. In addition, Defendant began calling Plaintiff's spouse, Horace J. Pappollion ("Horace").

12. Plaintiff *never* gave Defendant permission to contact her spouse regarding the subject debt.

13. Likewise, Horace was not a signatory to the subject debt and *never* provided his cellular phone number to Defendant or its predecessor.

14. On February 9, 2021, Defendant placed an unsolicited call to Horace's cellular phone. Confused, Horace inquired as to who is calling him. A male representative of Defendant

immediately asked for Horace, after verifying that Horace was on the phone, the male representative transferred the call to a female representative of Defendant, named Malissa.

15. Malissa immediately states that she is calling from Defendant, let's Horace know that Defendant is a debt collector, and that Defendant is attempting to reach Sonia Pappillion as Defendant's numerous attempts to reach her have been unsuccessful.

16. Shocked, Horace asks why Defendant is calling him since he is not on the account. Melissa responds by stating that since Defendant can't reach Plaintiff, she questioned Horace on why Plaintiff can't make a payment, and if Horace can make an immediate payment on her behalf.

17. Specifically, Melissa asked Horace: if your wife had come to you for help and told you she was struggling to make payments, would you help her? Horace continued to let Melisssa know that he is not on the account, that he does not owe the account, and proceeded to request Defendant to cease calling him immediately.

18. Defendant intended for Plaintiff's spouse to pay the subject debt despite Plaintiff nor her spouse ever providing prior consent to place calls to plaintiff's spouse to attempt to collect the debt from him personally.

## DAMAGES

19. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

20. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, marriage turmoil, embarrassment, harassment, humiliation, emotional distress, anxiety, and loss of concentration.

21. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

25. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of defaulted debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

27. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

28. Defendant's communications to Plaintiff's spouse were made in connection with the collection of the subject debt.

29. Defendant violated 15 U.S.C. §§1692b(2), b(3), c(b), d, e, and f through its unlawful debt collection practices.

**a. Violations of FDCPA §1692b**

30. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits a debt collector from contacting a third party and stating that a consumer owes any debt.

31. Defendant violated §1692b(2) when it called Plaintiff's spouse and disclosed confidential information about the subject debt.

4

32. Furthermore, Defendant violated §1692b(3) when it contacted Plaintiff's spouse multiple times. These calls were made with the intent to humiliate Plaintiff in hopes that she would succumb to the harassment and make an immediate payment on the subject debt.

    b. **Violations of FDCPA §1692c**

33. Defendant violated §1692c(b) when it contacted Plaintiff's spouse in regards to the subject debt that was owed by Plaintiff.

    c. **Violations of FDCPA §1692d**

34. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

35. Defendant violated §1692d when it repeatedly called Plaintiff and left at least 2 confidential voicemails for Plaintiff's father regarding the subject debt. Defendant was simply trying to humiliate and harass Plaintiff into paying the subject debt immediately.

    d. **Violations of FDCPA §1692e**

36. Defendant violated §1692e by using false, deceptive, and misleading representation in connection with the collection of the subject debt. It was deceptive and misleading for Defendant to misleadingly request Plaintiff's spouse to make a payment on Plaintiff's behalf despite never consenting to being called nor being a signatory to any agreements with Defendant or its predecessors.

    e. **Violations of FDCPA §1692f**

37. Defendant violated §1692f and f(1) by using and unconscionable means in attempting to collect on the subject debt.

38. Specifically, Defendant contacted a third party and disclosed private and inaccurate information about Plaintiff's debt. Defendant's unconscionable conduct was employed in order to humiliate Plaintiff so she would make an immediate payment on the subject debt.

39. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant deceptive means.

**WHEREFORE**, Plaintiff CAITLIN C. GOMEZ respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Enjoining Defendant from further contacting Plaintiff's spouse.

c. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

d. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

e. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 12, 2021                    Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Alexander J. Taylor
Marwan R. Daher, Esq.
Alexander J. Taylor, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com