UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SONIA PAPPILLION, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:21-cv-00500 |
| | § | |
| | § | |
| v. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MIDLAND CREDIT | § | |
| MANAGEMENT, INC., | § | |
| Defendant. | | |

**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

*Restate each instruction in bold and furnish the requested information.*

1. **State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended for each party.**

   Counsel for the parties conferred on April 21, 2021. Marwan R. Daher participated on behalf of Plaintiff. Jeffrey D. Anderson participated on behalf of Defendant.

2. **List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.**

   None.

3. **Briefly describe what this case is about. Generally state the claims, defenses, and threshold issues that each party will likely assert.**

   Plaintiff brings her complaint for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Plaintiff alleges that Defendant violated the FDCPA by unfairly, misleadingly, and harassingly contacting her husband, an unauthorized third party, seeking payment of Plaintiff's consumer debt.

   Defendant denies any liability under the FDCPA. Defendant incorporates by reference its defenses raised in Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint. Dkt. No. 14.

1

4.  **Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.**

    Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C.

    §§ 1331 and 1337, as the action arises under the laws of the United States. There are no challenges to jurisdiction, but Defendant denies any liability under the FDCPA.

5.  **List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.**

    None at this time.

6.  **List any anticipated interventions. Briefly explain why.**

    None at this time.

7.  **Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.**

    None.

8.  **State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.**

    The parties have not yet completed Rule 26(a) initial disclosures. The parties will exchange Rule 26(a) initial disclosures by **May 12, 2021**.

9.  **Apart from initial disclosures, specify other discovery served or accomplished to date.**

    None at this time.

10. **Describe the proposed agreed discovery plan. At a minimum, include:**

    a.  **Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;**

        **(i) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosure were made or will be made;**

        None.  The parties will exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) by **May 12, 2021**.

        **(ii) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;**

        The parties anticipate that discovery may be needed on the following subject(s): communications regarding the subject debt, Defendant's policies and procedures, and Plaintiff's damages and her attempts, if any, to mitigate such.  Fact discovery

should be completed by **March 22, 2022**. The parties do not believe that discovery should be conducted in phases or be limited to or focused on particular issues.

**(iii) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;**

The parties do not know of any issues regarding disclosure and discovery of electronically stored information, including the form or forms in which it should be produced. If any such issues arise, the parties will work with each other in good faith to resolve them.

**(iv) any issues about claims or privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Fed. R. Evid. 502;**

The parties do not know of any issues about claims or privilege or of protection as trial-preparation material, including if the parties agree on a procedure to assert these claims after production. If any such issues arise, the parties will work with each other in good faith to resolve them.

**(v) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and**

None.

**(vi) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

None at this time.

b. **When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

Plaintiff anticipates sending interrogatories to Defendant and believes the Rule 33(a) limit of twenty-five per party should apply with no adjustments.

c. **When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.**

Defendant anticipates sending interrogatories to Plaintiff prior to the close of discovery and believes the Rule 33(a) limit of twenty-five per party should apply with no adjustments.

d. **Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

Plaintiff anticipates taking oral deposition(s) of Defendant's corporate representative(s). Plaintiff believes the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply and does not request any adjustment.

e. **Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.**

Defendant anticipates taking the oral deposition(s) of Defendant and potentially Defendant's spouse. Defendant believes the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply and does not request any adjustment.

f. **When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.**

Plaintiff will designate experts and provide Rule 26(a)(2)(B) reports on or before **January 4, 2022.** Defendant will designate responsive experts and provide their reports on or before **February 3, 2022**.

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

None at this time.

h. **List expert depositions the opposing party anticipates taking and their anticipated completion date**.

None at this time.

11. **State the date by which the parties can reasonably complete the planned discovery.**

The parties propose a discovery cutoff date of **March 22, 2022**.

12. **If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.**

N/A

13. **Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

The parties have engaged in settlement discussions and agree to continue doing so.

14. **Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such**

4

potential techniques. **State when the parties may effectively use any such technique.**

The parties do not anticipate needing alternative dispute resolution ("ADR") at this time. In the event that ADR is needed, the parties prefer a settlement conference in front of the magistrate judge at the conclusion of discovery.

15. **A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.**

   All parties do not consent to trial by magistrate judge.

16. **Identify any party that has made a jury demand and whether it was timely.**

   Plaintiff made a timely jury demand.

17. **Specify the number of hours it will likely take to present the evidence at trial in this case.**

   6-12 hours (1-2 days).

18. **List pending motions the Court could resolve at the initial pretrial conference.**

   None.

19. **List other pending motions.**

   None.

20. **List all other matters that deserve attention of the Court at the initial pretrial conference.**

   None.

21. **Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.**

   See attached. The parties do not suggest any modifications to the Court's scheduling order issued on March 5, 2021 (Dkt. #8).

22. **Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

   Plaintiff certifies that she filed her Disclosure of Interested Persons on March 17, 2021. Defendant is filing its Disclosure of Interested Persons at contemporaneously with the filing of this report on April 21, 2021.

23. **If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.**

   N/A

**24. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

Marwan R. Daher, lead attorney
Ill. Bar No. 6325465
Omar T. Sulaiman, Ill. Bar No. 6322837
Alexander J. Taylor, Ill. Bar No. 6327679
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

Jeffrey D. Anderson
S.D. Admission No. 2338755
Texas Bar No. 24087100
jeffrey.anderson@hklaw.com
1100 Louisiana Street
Suite 4300
Houston, TX 77002
Telephone: (713) 821-7000
Facsimile: (713) 821-7001
*Counsel for Defendant*

Respectfully submitted,


4/21/2021                                  /s/ Marwan R. Daher
                                           Marwan R. Daher, Esq.
                                           Sulaiman Law Group, Ltd.
                                           2500 S. Highland Avenue, Suite 200
                                           Lombard, Illinois 60148
                                           Telephone: (630) 575-8181
                                           mdaher@sulaimanlaw.com
                                           *Counsel for Plaintiff*


4/21/2021                                  */s/ Jeffrey D. Anderson*
Date                                       Jeffrey D. Anderson
                                           S.D. Admission No. 2338755
                                           Texas Bar No. 24087100
                                           jeffrey.anderson@hklaw.com
                                           1100 Louisiana Street, Suite 4300
                                           Houston, TX 77002
                                           Telephone: (713) 821-7000
                                           Facsimile: (713) 821-7001
                                           *Counsel for Defendant*

6